342    PEOPLE ex rel. O'CONNOR v. SICKLES.

First Department, January Term, 1891.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. O'CONNOR, Appellant, v. DANIEL E. SICKLES, Sheriff, etc., Respondent.

*Contempt — requirement that a stipulation be given not to sue for damages.*

An order adjudging a defendant guilty of contempt, and that said contempt had impaired the rights of the plaintiffs, imposed a fine, provided for the payment of the costs and the sheriff's fees, and directed that the defendant stand committed to the common jail until said fine, costs and sheriff's fees should be paid, unless he should be sooner discharged by the court, provided that should the defendant appear on a day certain for the purpose of being examined and pay to the plaintiffs a certain sum as a fine for his misconduct, and should he also serve upon the plaintiffs' attorneys a stipulation binding himself not to bring any action for damages against the plaintiffs or their attorney, because of any proceedings had or

ordered therein, that thereupon said defendant should be deemed purged of said contempt and be discharged from the custody of the sheriff and his bond be canceled.

It was urged by the defendant that the order was improper, for the reason that his liberty was restrained until the stipulation not to sue should be given.

*Held,* that as the judgment-debtor could relieve himself from imprisonment by doing these things which the court lawfully required him to do, he was not put to the alternative of giving the stipulation or staying in jail.

That, even if the court had no power to insert in the order the alternative presented by the requirement that he should give the stipulation, yet it did the defendant no harm because he could relieve himself from imprisonment by complying with that portion of the order which the court was authorized to make.

Appeal by Michael J. O'Connor from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of September, 1890, dismissing the writs of *habeas corpus* and *certiorari* obtained on behalf of the said Michael J. O'Connor in the above-entitled matter.

*David M. Neuberger,* for the appellant.

*J. E. Weld,* for N. Gutmann and another, judgment-creditors, respondents.

Van Brunt, P. J.:

The relator was adjudged guilty of contempt by the City Court of New York in proceedings supplementary to execution. An order for commitment was duly made and entered on the 11th of July, 1890, and a warrant was subsequently issued and the relator arrested thereunder. Writs of *habeas corpus* and *certiorari* were obtained, and it was claimed that the arrest under the order of commitment was unlawful and unauthorized, because such order, after having adjudged the defendant guilty of contempt, and that such contempt had impaired, impeded and prejudiced the rights or remedies of the plaintiff, and after having imposed a fine, and after having provided for the payment of the costs and the sheriff's fees, and after having ordered that the defendant stand committed to the common jail, there to remain, charged upon said contempt, until the said fine, together with the costs, expenses and sheriff's fees therein be fully paid, unless he should be sooner discharged by the court, provided that should the defendant appear on a day certain for the purpose

of being examined, and pay to the plaintiff a certain sum as a fine for his misconduct, and should he also serve upon the plaintiffs' attorney a stipulation binding himself not to bring any action for damages against the plaintiffs or their attorney because of any proceedings had or ordered therein, that thereupon said defendant should be deemed purged of said contempt and discharged from the custody of the sheriff and his bond canceled: The writs were dismissed, and from the order thereupon entered this appeal is taken.

The commitment complied with all the requirements in respect to such proceedings. The appellant was charged and punished for his failure to appear for examination, and the warrant specified the act which he was required to perform and the sum to be paid to relieve himself from the contempt.

It is urged that neither the order nor the commitment give an opportunity to the relator to be relieved of his contempt by the performance of the act, for failure to do which he was committed, but that this liberty was restricted by requiring the stipulation not to sue.

It is clear that the court is not bound to allow a party who has willfully disobeyed its order for his examination to purge himself by submitting to examination. The court has a right to adjudicate as to what extent the contumacy of the judgment debtor has impaired, impeded and prejudiced the rights or remedies of the plaintiff and to impose a fine therefor, and to direct that the judgment debtor stand committed until he pays the same. This the order and commitment in question did; and if the court should allow, in the commitment the judgment debtor to purge his contempt by doing something else than this, if he complains, he need not take advantage of the privilege, such part of the order being mere surplusage; if the court had no power to insert it there, the commitment was complete without it. The judgment-debtor could relieve himself from imprisonment by doing those things which the court required him to do, and which the court was empowered to require him to do; and if he did not please to do that, he need not accept the alternative; he could stay in jail.

We think, therefore, even if the court had no power to insert the alternative proceeding in the order and commitment, it did the judgment-debtor no harm, because he could relieve himself from

imprisonment by complying with that portion of the order which the court was empowered to make.

The order should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.